**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ANNIE R. PAYNE,   COURT FILE NO. 4:18-cv-02353
                 Judge Gray H. Miller
    Plaintiff,

v.

MRS ASSOCIATES, INC.,

    Defendant.

_____

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

*(Please restate the instruction in **bold** before furnishing the responsive information.)*

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

   Counsel for the parties conducted a Rule 26(f) conference on October 24, 2018. It was attended by (1) Marwan R. Daher, Sulaiman Law Group, Ltd., 2500 S Highland Ave., Suite 200, Lombard, IL 60148, (630) 575-8181, mdaher@sulaimanlaw.com and (2) Michael S. Poncin (MN #296417), Moss & Barnett, PA, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, (T) 612.877.5290, (F) 612.877.5056, mike.poncin@lawmoss.com.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   None.

3. **Briefly describe what this case is about.**

   **Plaintiff's Position**: Plaintiff alleges that MRS violated the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Texas Debt Collection Act by placing numerous calls to Plaintiff's cellular phone, using an Automated Telephone Dialing System "ATDS" following her request to MRS that it cease calling her.

**Defendant's Position:** MRS denies the allegations in the Complaint. Plaintiff's account was not placed with MRS until May 2018, seven months after Plaintiff purportedly told MRS to stop calling. And MRS only placed 5 calls to Plaintiff's cellular telephone number, none of which were placed with an automatic telephone dialing system.

4. **Specify the allegation of federal jurisdiction.**

   Federal question jurisdiction is based on the FDCPA and TCPA pursuant to 28 U.S.C. §§1331 and 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   Defendant disputes the suggestion that Plaintiff has suffered damages sufficient to support standing under Article III.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   Plaintiff does not allege class allegations at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures will be exchanged on or before November 30, 2018.

10. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       Initial disclosures will be exchanged on or before November 30, 2018. The parties will seek discovery related to Plaintiff's claims, Plaintiff's alleged damages, and Defendant's defenses. The parties do not anticipate any issues with respect to the disclosure of ESI. The parties will disclose ESI in PDF format. The parties do not request any changes concerning matters that may be protected by privilege, any limitations to federal or local rules, or any other orders.

    b.    **When and to whom the plaintiff anticipates it may send interrogatories.**

        By December 7, 2018, Plaintiff will send interrogatories to Defendant.

    c.    **When and to whom the defendant anticipates it may send interrogatories.**

        By December 7, 2018, Defendant will send interrogatories to Plaintiff.

    d.    **Of whom and by when the plaintiff anticipates taking oral depositions**.

        By March 8, 2019, Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant.

    e.    **Of whom and by when the defendant anticipates taking oral depositions.**

        By March 8, 2019, Defendant will take Plaintiff's deposition.

    f.

        (i)    **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

            April 10, 2019

        (ii)    **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

            April 15, 2019

    g.    **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

        Plaintiff anticipates taking an expert deposition.

    h.    **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

        Defendant may depose any expert identified by Plaintiff and any expert called in rebuttal to an expert identified by Plaintiff.

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    April 17, 2019.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff will convey a written demand and Defendant will respond to that demand.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Defendant has conveyed to Plaintiff that Plaintiff's claims lack merit.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties will complete ADR or file a report stating why ADR is not appropriate by June 11, 2019.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**
    The parties do not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Yes, Plaintiff demanded a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    16-24 hours (2-3 days).

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other pending motions.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    Plaintiff filed its Disclosure of Interested Persons on November 14, 2018.

    Defendant has filed its Disclosure of Interested Persons on October 24, 2018.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**
    Counsel for Plaintiff, Marwan R. Daher, bar number 6325465, Alexander J. Taylor, bar number 6327679, and Omar T. Sulaiman, bar number 6322837, 2500 S Highland Ave., Suite 200, Lombard, IL 60148, 630-575-8181, mdaher@sulaimanlaw.com, ataylor@sulaimanlaw.com, osulaiman@sulaimanlaw.com

    Counsel for Defendant, Michael S. Poncin, Minnesota bar number 296417, 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, 612.877.5290, mike.poncin@lawmoss.com.

Date:  November 14, 2018          By:  /s/ Marwan R. Daher
                                       Marwan R. Daher
                                       Alexander J. Taylor
                                       Omar T. Sulaiman
                                       Sulaiman Law Group, Ltd.
                                       2500 S Highland Ave., Suite 200
                                       Lombard, IL 60148
                                       Telephone: (630) 575-8181
                                       mdaher@sulaimanlaw.com
                                       ataylor@sulaimanlaw.com
                                       osulaiman@sulaimanlaw.com
                                       Counsel for Plaintiff

Date:  November 14, 2018          By:  /s/ Michael S. Poncin
                                       Michael S. Poncin (MN #296417)
                                       Moss & Barnett, PA
                                       150 South Fifth Street, Suite 1200
                                       Minneapolis, MN 55402
                                       Telephone:  612.877.5290
                                       Facsimile:  612.877.5056
                                       Email:  mike.poncin@lawmoss.com
                                       Counsel for Defendant